# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**GEORGE BROWN, III**

|  |  |
|---|---|
| **v.** | ) **Civil Action Number:** |
|  | ) |
|  | ) |
| **Gestamp Alabama, LLC,** | ) |
|  | ) |
| **Defendant.** | ) |

_____

## COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This is an action for legal and equitable relief to redress violations of the unlawful secured by the Americans with Disabilities Act.  Currently, Mr. Brown has pending lawsuit styled <u>George Brown v. Gestamp of Alabama, LLC</u>, 2:16-CV-1862-KOB alleging violations of the Family Medical Leave Act.

2. Brown is filing the second case to challenge violations of the Americans with Disabilities Act codified at <u>42 U.S.C. § 12112.</u>  Brown is filing a separate case (incurring additional court costs, service costs and attorney fees) because the defendant opposes amending Brown's initial complaint to include the ADA claim as the deadline to amend the pleadings in the first case was May 22, 2017.  Brown's deposition in his first case is scheduled for September 25, 2017.

1

## II. JURISDICTION

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. ADMINISTRATIVE PREREQUISITES

5. Brown has met all administrative conditions precedent for filing this case under the ADA. Brown timely filed his Charge of Discrimination with the EEOC—December 5, 2016—within 180 days of the occurrence of the last discriminatory act(s). Brown is filing his lawsuit within 90 days of the receipt the right to sue letter which was issued on May 19, 2017 and received on or about May 22, 2017. [Exh 1].

## IV. PARTIES

5. Plaintiff, George Brown, III ("Brown"), is a male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Brown worked for Defendant at its McCalla, Alabama location as a material handler otherwise known as a fork lift driver.

Brown suffers from Gout, chronic joint pain which impact his activities of daily living of walking and using his hands. For many years, the defendant accommodated Brown's requests for an accommodation and accepted his FMLA leave documentation.

The company demanded that Brown have the physical disabilities removed from his FMLA paperwork and when he would not do so, wanted him to apply for disability insurance.

6. Defendant, Gestamp Alabama, LLC (hereinafter referred to as "Defendant" or "Gestamp"), employs more than fifty (50) people and is thus an "employer" for ADA purposes.

## V. STATEMENT OF FACTS

7. Between 2010-2012, Brown worked for a temporary service at Gestamp.

8. In 2012, Brown was made a permanent employee.

9. In September 2014, Brown submitted an FMLA Certification of Health Care Provider for Employees Serious Health Care Condition. The certification form was accepted by the company.

10. In September 2015, Brown submitted an FMLA Certification of Health Care Provider for Employees Serious Health Care Condition. The certification form was accepted by the company.

11. On or about September 22, 2016, Brown submitted a Certification of Health Care for Employees Serious Health Care Condition.

12. Brown's certification forms reflect that intermittent leave would be necessary due to Gout and Arthritis among other conditions.

13. Rather than accept the Brown's 2016 certification, Gestamp personnel asked Brown to have his treating physician remove "the restrictions".

14. Brown asked what restrictions had to be removed, Brown was informed all physical disability restrictions must be removed. For years, Brown worked with these identical restrictions and it has not been undue hardship for the company.

15. Brown suffers from Gout, Arthritis and Hypertension. Brown takes intermittent FMLA leave as necessary.

16. Brown did not abuse FMLA leave and/or exhaust leave in any year.

17. The company suspended (or as the company claims forced FMLA leave upon Brown) when he did not submit the FMLA certification to fit Gestamp's demand that Brown have no physical disability restrictions.

18. Brown was informed he had until October 27, 2016 to submit a revised form or be terminated.

19. Rather than allow Brown to work as he has for years, company personnel also pressured Brown to submit a phony insurance disability claim that he was too disabled to work. These actions were taken at the same time, he was being asked to remove all medical restrictions from his FMLA form.

20. Brown was working when he submitted the FMLA certification forms. There were no issues with his work performance.

21. When Brown did not agree to Gestamp's scheme to have the doctor alter his medical opinion or submit the fraudulent disability insurance request, Brown was suspended, and threatened with termination or as the company claims placed on involuntary FMLA leave.

22. The leave was unpaid and as an hourly worker, Brown had no income with financial obligations to meet, including rent and power bill.

23. Brown is capable of working for Gestamp as reflected by his performance over the last five years and only needed continued accommodation when necessary.

24. Brown's 2016 FMLA certification did not differ from prior submissions and no basis existed to reject the certification or demand from Brown that he require his physician to alter his medical diagnosis.

25. Suspending Brown or calling it mandatory FMLA leave is a distinction without difference; Brown had not requested FMLA leave or to be suspended.

26. Brown needed access to his money in a corporate savings account (401k) and was informed that the only way to obtain the funds was to resign his employment.

27. On or about November 15, 2016, on suspension and without income, Brown submitted a letter of resignation.

**VI.     CAUSES OF ACTION**

   **COUNT I - VIOLATION OF AMERICANS WITH DISABILITES ACT**

28. The plaintiff re-alleges and incorporates by reference paragraphs with the same force and effect as if fully set out in specific detail hereinbelow.

29. Brown's serious health condition, Gout, is also a disability which substantially limits one or more of his major life activities—in particular, the use of his hands and legs which can flare in certain episodes to the point that Brown requires an accommodation of leave..

30. Gestamp demanded that Brown's treating physician alter his submitted medical FMLA documentation records and reflect that Brown had no record of physical impairments requiring any accommodation.

31. When Brown would not comply, Gestamp's Human Resources personnel suspended Brown without and requested that Brown apply for disability insurance. Even though the company knew it was not true they viewed Brown as disabled from working.

32. Brown also had a documented record of Gout over many years with the company.

33. Brown's damages and injuries include loss of pay and benefits. Furthermore, as a result of the treatment he received from the Defendant, Brown has been made to suffer mental anguish, humiliation, and embarrassment.

34. The Defendant's discriminatory actions toward Brown were reckless,

Malicious, and willful and in violation of Brown statutory rights pursuant to the ADA, as amended.

## COUNT II- TORT OF OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Demanding that Brown engage in submission of a fake disability claim asserting inability to work would remove Brown from Gestamp's active payroll and/or requiring Brown's treating physician to remove any record of a a physical disability medical opinions already made crosses the boundary of civilized conduct.

36. Submission of fake disability claims costs society hundreds of millions of dollars. See https://www.cbsnews.com/news/disability-insurance-fraud-may-total-400-million-dollars/ (last accessed 8-19-2017).

37. Gestamp's representatives conduct goes "….beyond all possible bounds of decency and to be atrocious and utterly intolerable in a civilized society." See American Road Service v. Inmon, 394 So. 2d 361, 365 (Ala. 1980).

38. Brown wanted to continue to work, not engage in insurance fraud and not be suspended without pay over submission of federally approved FMLA request forms.

39. The Defendant conduct was wanton, intentional, and meets the legal standard of outrage and/or intention infliction of emotional distress.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Gestamp described herein above violated and continue to violate the rights of the Plaintiff as secured by the Americans with Disabilities Act.

2. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest, including prejudgment), punitive, liquidated, and/or nominal damages.

3. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY**

                                        Respectfully Submitted,

                                        /s/Lee Winston  
                                        Lee Winston  
                                        Roderick T. Cooks  
                                        Attorneys for the Plaintiff

**OF COUNSEL:**

**WINSTON COOKS, LLC**
505 North 20th Street Suite 815
Birmingham, AL 35205
Tel:  (205)502-0940
Fax: (205)251-0231